IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SFG, INC. D/B/A NEXT DOOR RESTAURANT )<br>an Illinois Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIMBAL MUSK, an individual, and )<br>THE KITCHEN CAFÉ, LLC, )<br>a Colorado Limited Liability Company )<br>)<br>Defendants. ) | No.<br>Plaintiff Demands Trial by<br>Jury re Any Damage Claims |

## VERIFIED COMPLAINT

Plaintiff SFG, INC. D/B/A NEXT DOOR RESTAURANT, an Illinois Corporation, by its attorney Robert C. Keck, Jr. and Keck Law Firm, P.C., and for its Verified Complaint against Defendants KIMBAL MUSK, an individual, and THE KITCHEN CAFÉ, LLC, a Colorado limited liability company, states as follows:

### THE PARTIES

1. Plaintiff SFG, INC. D/B/A NEXT DOOR RESTAURANT ("SFG") is an Illinois Corporation which operates a restaurant under the trademark "Next Door" at 250 Skokie Boulevard, Northbrook, IL.

2. 100% of the stock in SFG is owned by Suzanna Gallo, its President.

3. Defendant KIMBAL MUSK, is an individual who resides in Boulder, Colorado and is the controlling owner and managing member of THE KITCHEN CAFÉ, LLC, which operates a restaurant in the Northern District of Illinois.

4. Defendant THE KITCHEN CAFÉ, LLC ("TKC") is a Colorado limited liability company with its principal place of business at 1039 Pearl Street, Boulder, CO. TKC operates a restaurant called The Kitchen American Bistro at 316 N. Clark Street, Chicago, IL 60654. TKC also operates restaurants under the trademark "Next Door" in Colorado, Tennessee and Indiana. Neither Mr. Musk nor TKC has ever made use of the tradename "Next Door" in Illinois.

1

## JURISDICTION

5. This court has original jurisdiction of this matter under 28 USC § 1332(a) (diversity jurisdiction) because Plaintiff is a citizen of Illinois and Defendants are citizens of Colorado.

6. This Court also has jurisdiction of this matter under 28 USC § 1331 and 1338(a)-(b) because this action seeks relief pursuant to Section 43(a) of the Lanham Trademark Act, 15 USC § 1125(a).

7. The Court has supplemental jurisdiction over the state-law claims under 28 USC § 1367.

## GENERAL ALLEGATIONS

### A. SFG's Common Law Trademark "Next Door"

8. SFG was incorporated under the laws of the State of Illinois on December 14, 1990 and has been in continuous existence ever since.

9. In approximately 1995, SFG opened a restaurant employing the tradename "Next Door" in its name "Next Door Bistro" at 250 Skokie Boulevard, Northbrook, IL. SFG's customers and purveyors commonly refer to the restaurant as simply "Next Door."

10. Since 1995 SFG's "Next Door" restaurant has been continuously doing business under that tradename for over 23 years and draws customers from all over the northern section of the Chicago area including, but not limited to, all of Lake County and Cook County north of the Eisenhower Expressway. ("SFG's geographic market").

11. Over the course of 23 years, SFG has developed tremendous goodwill associated with its trademark "Next Door." Customers associate the trademark 'Next Door" with SFG's Northbrook facility in a highly favorable way, as demonstrated by the fact that it operates at full capacity most nights with many repeat customers.

12. As a result of the goodwill associated with SFG's "Next Door" trademark, the restaurant has been highly and consistently profitable. SFG's federal tax returns for 2015, 2016 and 2017 demonstrate the following:

| Year | Gross Receipts | Income |
|------|----------------|--------|
| 2015 | 2,000,097 | 292,949 |
| 2016 | 2,003,715 | 321,639 |
| 2017 | 2,043,727 | 300,525 |

2

13. By reason of the foregoing, customers in SFG's marketplace have learned to associate the trademark "Next Door" with SFG's restaurant and SFG has the rights under Illinois common law to the exclusive use of the trademark "Next Door" with regard to restaurants in SFG's geographic market.

### B. TKC's Use of the Mark "Next Door"

14. Plaintiff is informed and believes, from material printed on TKC's website, in the media and correspondence with Defendants' counsel, the following to be true:

   A. In or about 2003, Mr. Musk formed The Kitchen Café, LLC under the laws of the State of Colorado.
   B. TKC's first restaurant, called The Kitchen, opened in Boulder, Colorado with another The Kitchen opening a few years later in Denver. TKC has now employed what it calls "The Kitchen restaurant concept" in other states. In October 2014 Mr. Musk and TKC opened The Kitchen at 316 N. Clark Street in Chicago, IL.
   C. On or about June 13, 2011 TKC opened a restaurant under the name "The Kitchen Next Door" for which trade name TKC obtained a federal trademark registration on June 16, 2012.
   D. As it expanded its employment of what it calls "the Next Door concept" to more restaurants in Colorado, Mr. Musk and TKC began to call them just "Next Door" without the words "The Kitchen" attached.
   E. On June 18, 2014 TKC filed for a federal trademark registration for the trademark "Next Door" which was granted on May 5, 2015.
   F. More recently TKC has dressed the fanciful words "Next Door" with the descriptive words "American Eatery" to identify the nature of its facilities.
   G. Defendants now have eight restaurants in Colorado, Tennessee and Indiana employing the trademark "Next Door" in their names. Defendants claim that their "Next Door" restaurants "offer a broad range of American cuisine in a casual informal setting at affordable prices."
   H. On their website and in their promotions, Defendants refer to their restaurants employing the "Next Door concept" as simply "Next Door," without the words "American Eatery"

attached. On TKC's website, Mr. Musk claims that "I've created Next Door as a casual, informal restaurant... Next Door is a comfortable place..."

### C. TKC Threatened Infringement of SFG's Trademark Rights

15. As reported by Crain's Chicago Business, on August 7, 2018 Defendant Kimbal Musk, TKC's owner, announced to the media that he "is planning to open 20 Chicagoland locations of his Next Door restaurant brand as part of a massive national rollout of the burgeoning chain that he hopes will replace TGI Friday's and Applebee's. The first Next Door is coming to suburban Vernon Hills next Spring..." Mr. Musk told Crain's that "he thinks he can open 20 locally and more than 2,000 nationwide. He plans to get the first in Vernon Hills running smoothly before he expands to other suburbs and the city, specifically River North."

16. Should Defendants open a restaurant employing the "Next Door" trademark in Vernon Hills, less than a 15 minute expressway drive from SFG's Northbrook location, it will infringe upon SFG's common law trademark "Next Door" by causing a likelihood of confusion in the minds of customers, destroying the goodwill associated with SFG's service mark built up over 23 years and causing irreparable damage to SFG's trademark and business. If Defendants were to open one of their 20 new restaurants using the "Next Door" trademark across the street from Plaintiff's facility or in other North Shore neighborhoods, the likelihood of confusion in the minds of consumers would destroy all the goodwill associated with Plaintiff's tradename and Plaintiff's business.

17. On October 27, 2019, Plaintiff served upon Kimbal Musk and his company a written notice of its claim to a common law trademark in the name "Next Door" for restaurants in the Chicago area and of its demand that Mr. Musk and his company cease and desist from using the name "Next Door" in regard to any restaurant in the Chicago area.

18. Mr. Musk and TKC have responded to Plaintiff's notice providing no assurances that they will forbear from using the trademark "Next Door" on its restaurants in SFG's geographic market and indicating that they intend to proceed using the trademark "Next Door" on restaurants in SFG's geographic market.

### D. Defendants' Use of the Mark "Next Door" Will Create a Likelihood of Confusion with SFG's "Next Door" Restaurant

19. Defendants' use of the trademark "Next Door" in SFG's geographic market will create a likelihood of confusion in customers' minds between the restaurants for the following reasons:

   a. **Identical Mark/Similar Appearance**. Both parties' marks employ the identical fanciful trademark – "Next Door" – wrapped in window dressing descriptive of the fact that they are restaurants: "American Eatery" and "Bistro." Signage employed by the parties both focus on the words "Next Door" and are strikingly similar in appearance:





   b. **Similar Products** The products which both parties market are similar:
      (i) Plaintiff's "Next Door" in Northbrook serves standard American cuisine including soups, seafood, chicken, steaks, hamburgers, french fries and selected pastas, and has a full bar; and
      (ii) Defendants' "Next Door" restaurants offer "soups, salads, sandwiches, bowls and burgers with a full bar."

5

c. **Identical market area**. Plaintiff's "Next Door" draws customers from Lake County and Cook County north of the Eisenhower Expressway. Defendants have announced their intention to open 20 "Next Door" restaurants around the city including within SFG's geographic market from Vernon Hills in Lake County to River North in downtown Chicago.

d. **Strength of SFG's Mark.** Plaintiff has used the mark "Next Door" for over 23 years and has built a reputation for good American cuisine as demonstrated by its multi-millions-dollar annual revenues, profitability, favorable reviews and voluminous repeat customers who refer to the Next Door Bistro as simply "Next Door."

e. **Actual Confusion**. Because the parties' "Next Door" marks are identical and their signage is very similar, there is a strong likelihood of actual confusion in customers' minds. After Kimbal Musk's August 2018 announcement, a number of SFG's customers told SFG's owner that they thought that she was opening another "Next Door".

f. **TKC's Intent to Wipe Out Competition**. Defendants are on notice of SFG's service common law trademark "Next Door" and have indicated their intent to proceed to use that trademark on new restaurants they are opening in SFG's geographic market despite the irreparable injury it will cause to the goodwill associated with Plaintiff's mark. Defendants have also indicated that they intend that their "Next Door" restaurants will replace TGI Friday's and Applebee's." If they are seeking to "replace" the TGI Friday's and Applebee's chains, they are certainly seeking to "replace" Plaintiff's facility by using an identical trademark.

20. Defendants' use of the mark "Next Door" with regard to restaurants in SFG's market area will create the likelihood of confusion in the minds of SFG's customers resulting in irreparable injury to the goodwill associated with SFG's "Next Door" trademark and SFG's business for which there is no adequate legal remedy.

21. Despite Plaintiff's repeated demands, Defendants have failed to provide any assurance that they will not proceed to open restaurants in Plaintiff's geographic market under the name utilizing the words "Next Door."

22. Plaintiff is informed and believes that Defendants are proceeding with their plans for use of the "Next Door" trademark in Plaintiff's geographic market in accordance with Mr. Musk's August 2018 announcement.

## COUNT I (Trademark Infringement)

1-22. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 22 of the General Allegations as paragraphs 1-22 of Count I.

23. Plaintiff SFG possesses common law trademark rights in the mark "Next Door" for restaurants in SFG's geographic market.

24. Defendants will infringe Plaintiff's common law trademark if they operate any restaurants under a name containing the mark "Next Door" in SFG's geographic market, which Defendants have indicated they intend to do, in violation of Illinois common law and the Lanham Trademark Act, 15 USCA § 1225(a).

WHEREFORE Plaintiff SFG, Inc. d/b/a Next Door Restaurant hereby prays that this court enter orders as follows:

1. Granting Preliminary and Permanent Injunctive Relief against Defendants' use of any name containing the words "Next Door" in relation to any restaurant in SFG's geographic market.
2. Directing Defendants to pay Plaintiff's reasonable costs and attorney's fees prosecuting this action.
3. Granting such other and additional relief as this Court deems just.

## COUNT II (Deceptive Trade Practices)

1-24. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-24 of Count I as paragraphs 1-24 of Count II.

25. Defendants' use of the trade name "Next Door" in connection with a restaurant in SFG's geographic market constitutes a deceptive trade practice pursuant to the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

WHEREFORE Plaintiff SFG, Inc. d/b/a Next Door Restaurant hereby prays that this court enter orders as follows:

1. Granting Preliminary and Permanent Injunctive Relief against Defendants' use of any name containing the words "Next Door" in relation to any restaurant in the geographic market from which Plaintiff's "Next Door" restaurant draws its customers.
2. Directing Defendants to pay Plaintiff's reasonable costs and attorney's fees prosecuting this action.

3. Granting such other and additional relief as this Court deems just.

### COUNT III (Unfair Competition)

1-25 Plaintiff re-alleges and incorporates by reference herein paragraphs 1-25 of Count II as paragraphs 1-25 of Count III.

26. Defendants use of the trademark "Next Door" in connection with a restaurant in SFG's geographic market constitutes an act of unfair competition under Illinois common law.

WHEREFORE Plaintiff SFG, Inc. d/b/a Next Door Restaurant hereby prays that this court enter orders as follows:

1. Granting Preliminary and Permanent Injunctive Relief against Defendants' use of any name containing the words "Next Door" in relation to any restaurant in the geographic market from which Plaintiff's "Next Door" restaurant draws its customers.

2. Directing Defendants to pay Plaintiff's reasonable costs and attorney's fees prosecuting this action.

3. Granting such other and additional relief as this Court deems just.

_Robert Keck_
Attorney for Plaintiff
SFG, Inc. d/b/a Next Door Restaurant

Robert C. Keck, Jr.
Keck Law Firm, P.C.
10 S. LaSalle – Suite 1800
Chicago, IL 60603
(312) 330-6330
kecklawfirmpc@gmail.com

## **VERIFICATION**

Suzanna Gallo being duly sworn on oath states that she has read the foregoing Verified Complaint and knows the statements contained therein to be true, except for those matters which are stated to be on information and belief and those she is informed and believes to be true.

_____
Suzanna Gallo

Signed & sworn to
before me this 15
day of March, 2019

_____
Notary Public

OFFICIAL SEAL
JERRY KAHN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jan. 05, 2020

9